United States Courts
Southern District of Texas
FILED

AUG 17 2015

David J. Bradley, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 14-097S |
| | § | |
| DENZELL PARRISH, | § | |
| | § | |
| Defendant. | § | |

### PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney

for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the

defendant, Denzell Parrish ("Defendant"), and Defendant's counsel, Thomas A. Martin, pursuant

to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an

agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Count **One** of the Superseding Criminal

Indictment.   Count One charges Defendant with Conspiracy to Commit Sex Trafficking, in

violation of Title 18, United States Code, Sections 1594(c), 1591(a)(1) and (b)(1).   Defendant, by

entering this plea, agrees that he is waiving any right to have the facts that the law makes essential

to the punishment either charged in the information, or proved to a jury or proven beyond a

reasonable doubt.

### Punishment Range

2.     The **statutory** maximum penalty for a violation of Title 18, United States Code,

Section 1594(c), is imprisonment for any term of years or for Life and a fine of not more than

$250,000.00.     Additionally, Defendant may receive a term of supervised release after

imprisonment of not less than 5 years up to Life. *See* Title 18, United States Code, sections

3559(a) and 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a) and 3583(e) and (k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Cooperation

5. The parties understand this Agreement carries the potential for a motion for departure under § 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees

2

that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to § 5K1.1 of the Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraph 19 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant, including, but not limited to, the trafficking of minors and adults for commercial sex and/or the sexual exploitation of minors. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

3

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f)     Should the recommended departure, if any, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Agreement and that he cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

7.  Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.  In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are

4

"effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10.    The United States agrees to each of the following:

(a)    At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines.

(b)    If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater.

(c)    At the time of sentencing, if the Defendant persists in his plea, the United States will move to dismiss Count 2 of the Superseding Indictment as it relates to this Defendant.

## Agreement Binding - Southern District of Texas Only

11.    The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.    It does not bind any other United States Attorney.    The United States will

bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

(c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)   to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)   to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should

impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)  If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)  At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)  At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Superseding Criminal Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

7

a.   During the period of the conspiracy, May 1, 2013, to March 4, 2014, the defendant, Denzell Parrish (PARRISH), also known as "D," (date of birth:  June 18, 1991), conspired with Emanuel Wade (WADE), also known as "Marcus" and "Emanuel,"; Charmaine Henderson (HENDERSON), also known as "Shortie"; and others known and unknown to knowingly—in a manner which affected interstate commerce:   recruit, entice, harbor, transport, provide, obtain and maintain by any means in order to benefit financially by receiving anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, any person, knowing that the person/persons had not attained the age of eighteen (18) that the person/persons under the age of eighteen (18) would be caused to engage in commercial sex acts.

b.   WADE was arrested by police officials with Harris County Sherriff's Office on February 10, 2014, and remained in Texas state custody until charged in federal cause H-14-097 in March of 2014.

c.   On February 27, 2014, AA (date of birth:  March 12, 1996), was recovered by law enforcement officials at the Baymont Inn, 17111 North Freeway in Houston, Texas, in room 250. At this time, AA was accompanied by HENDERSON.  AA explained that she had been prostituting for WADE (who AA knew as "Marcus") with HENDERSON for several months. Officers further learned that AA was a high school student.  In fact, AA was doing homework when officials arrived at the Baymont Inn.  Thereafter, AA identified WADE and HENDERSON from photo line ups as the individuals with whom she had been engaging in prostitution with/for. AA indicated that until WADE's arrest, he received her commercial sex earnings.  However,

8

following WADE's February 2014 incarceration, AA was instructed to give the money to HENDERSON; AA complied with this directive.

d. A check run by police revealed that HENDERSON was listed as the co-owner of "Elite Models," a business WADE claimed own and run. Notably, police discovered that both HENDERSON's phone number, and that for "Elite Models" as listed on business cards for the "modeling agency," routinely appeared in ads for prostitution which ran on the internet, a means of conducting interstate commerce. In addition, officials reviewed WADE'S jail calls (recorded per detention center policy) following his arrest. These recordings confirmed that following WADE'S February 10 arrest, HENDERSON ran the prostitution/commercial sex business with PARRISH.

e. AA confirmed that after WADE was arrested on February 10, HENDERSON and PARRISH were "in charge." Critically, PARRISH and HENDERSON made "customer" arrangements for AA (arranged for sexual encounters between AA and clients).

f. In the end, again as confirmed by recorded jail calls between WADE and PARRISH, PARRISH ran the enterprise for seventeen (17) days which spanned the period of time from WADE'S arrest until the arrest of PARRISH on February 27, 2014. Specifically, these calls demonstrated how WADE entrusted PARRISH to continue the sex trafficking of minors, including AA. Further, hotel records from the Baymont Inn confirmed that PARRISH rented rooms within which the commercial sex acts at issue occurred. Notably, when arrested, WADE described how he left PARRISH in charge of the prostitution business; WADE even confirmed that PARRISH provided condoms, make-up, hair, and other necessities to the victims. According

9

to WADE, PARRISH worked with two females in addition to working with HENDERSON.   The

two females were AA (a minor), and an adult, TA, also known as BLACK.

g. Finally, the evidence gathered in this case established that PARRISH was aware that

force, fraud, or coercion was used to facilitate the commercial sex acts.   Additionally, PARRISH

had a reasonable opportunity to observe the victims, making him aware that AA was under the age

of eighteen.

## Breach of Plea Agreement

16.   If Defendant should fail in any way to fulfill completely all of the obligations under

this plea agreement, the United States will be released from its obligations under the plea

agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains,

conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly

withholds evidence or is otherwise not completely truthful with the United States, then the United

States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information

and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea

agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

17.   This Plea Agreement is being entered into by the United States on the basis of

Defendant's express representation that he will make a full and complete disclosure of all assets

over which he exercises direct or indirect control, or in which he has any financial interest.

Defendant agrees not to dispose of any assets or take any action that would effect a transfer of

property in which he has an interest, unless Defendant obtains the prior written permission of the

United States.

18.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction; Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions above, Defendant waives the right to challenge in any

11

manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Fines**

22.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions contained in the plea agreement, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

23.  This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

24.  Any modification of this plea agreement must be in writing and signed by all parties.


Filed at _Houston_, Texas, on _AUGUST 17_, 2015.

_____
Defendant

Subscribed and sworn to before me on _AUGUST 17_, 2015.


DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:_____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By:_____          _____
Sherri L. Zack                              Thomas A. Martin
Assistant United States Attorney           Attorney for Defendant
Southern District of Texas

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL NO. 14-097S** |
| | § | |
| DENZELL PARRISH, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _____
Attorney for Defendant                                   Date

14

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          _____
Defendant                                                          Date

8-17-15